UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────────

EDWARD GARMENDIZ,

                        Plaintiff,          17-cv-662 (JGK)

            - against -            <u>MEMORANDUM OPINION</u>
                                        <u>AND ORDER</u>
ANDREW SAUL, COMMISSINER OF SOCIAL
SECURITY,[1]

                        Defendant.
─────────────────────────────────────

JOHN G. KOELTL, District Judge:

The plaintiff, Edward Garmendiz, brought this action seeking judicial review of a decision of the Commissioner of Social Security (the "Commissioner") pursuant to Section 205(g) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g).

On July 2, 2018, the Court granted the plaintiff's motion for judgment on the pleadings, vacated the Commissioner's final administrative decision, and remanded the case to the Commissioner for further administrative proceedings. ECF No. 25. Following entry of the judgment, the parties stipulated, and the Court ordered, that the plaintiff be awarded $6,500 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), for 35.2 hours expended between 2016 and 2018. ECF No. 31. On remand, the Commissioner issued a favorable decision, finding Garmendiz disabled as of his initial alleged onset date, and entitling Garmendiz to an amount of $203,676 in past due

─────────────────────────────────────

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Commissioner of Social Security Andrew Saul has been automatically substituted for former Acting Commissioner of Social Security Nancy Berryhill.

benefits. Bowes Decl., ECF No. 37, ¶¶ 13-17.  The plaintiff,

Garmendiz, entered into a contingency fee agreement with his

counsel, whereby Garmendiz agreed to pay 25 percent of any past

due benefits as legal fees upon a successful determination. Bowes

Decl. ¶ 9, Ex. A.  The plaintiff's counsel has filed a motion

under the Social Security Act, 42 U.S.C. § 406(b), seeking

$50,919.00 in attorney's fees for services rendered, and

requesting that the Court "offset" the amount of EAJA fees paid

against the amount of fees counsel is owed under Section 406(b),

for a "net" final award of $44,419.00.  The Commissioner of Social

Security has provided the Court with a letter, explaining the

Commissioner's view regarding the request for attorney's fees. ECF

No. 40. Upon review of the submissions and applicable law, the

plaintiff's motion for attorney's fees is granted in part, for a

total award of $17,600, from which plaintiff's counsel is required

to reimburse, directly to the plaintiff, the $6,500 previously

granted.

Section 406(b) of the Social Security Act provides that,

after a judgment favorable to a claimant, the court "may determine

and allow" a "reasonable fee" for representation "not in excess of

25 [percent] of the total of the past-due benefits to which the

claimant is entitled, by reason of the judgment." 42 U.S.C.

§ 406(b)(1)(A).  When determining whether to grant a requested

fee, courts are instructed to "look[] first to the contingent-fee

agreement, then test[] it for reasonableness." Gisbrecht v.

Barnhart, 535 U.S. 789, 808 (2002).  While granting "due deference to the intent of the parties," a court "ought not blindly approve every fee request made pursuant to a contingent agreement." Wells v. Sullivan, 907 F.2d 367, 372 (2d Cir. 1990). Thus, a court must determine (1) "whether the contingency percentage is within the 25 [percent] cap," (2) "whether there has been fraud or overreaching in making the agreement, and (3) "whether the requested amount is so large as to be a windfall to the attorney." Id.

When considering whether an award would constitute a "windfall," the Court must consider whether "the benefits are large in comparison to the amount of time counsel spent on the case," and if so, "a downward adjustment is . . . in order." Gisbrecht, 535 U.S. at 808.

Although fees may be awarded under both EAJA and Section 406(b), the Supreme Court and Court of Appeals for the Second Circuit have instructed that when a claimant's attorney receives fees awarded under both provisions, the attorney must "refun[d] to the claimant the amount of the smaller fee." Gisbrecht, 535 U.S. at 796; Wells v. Bowen, 855 F.2d 37, 48 (2d Cir. 1988).

In this case, as the letter from the Commissioner notes, the amount requested is not greater than 25 percent of the past due benefits granted, and there is no indicia of fraud or overreach. Similarly, the Court finds that 35.2 hours is a reasonable number of hours for the plaintiff's case, and that the plaintiff's counsel did not unreasonably delay the proceedings and is

experienced in representing social security claimants.  However,

the attorney's fee amount requested amount would result in a de

facto hourly rate of $1,446.56. Bowes Decl. ¶¶ 12, 27.  Such an

amount would result in an unjustified windfall for the plaintiff's

counsel, and although the plaintiff's counsel provided competent

representation, there are no special factors that would warrant

such a high de facto hourly rate under the circumstances in this

case. See, e.g., Espada v. Comm'r of Soc. Sec., No. 15-cv-01505,

2020 WL 1322527, at *3 (S.D.N.Y. Mar. 21, 2020) (finding de facto

hourly rate of $1004.01 "problematic" and unreasonable, and

reducing the award to result in a $500.00 hourly rate); Rivera v.

Berryhill, No. 13-cv-05060, 2018 WL 2436942, at *3 (E.D.N.Y. May

30, 2018) (reducing fees of $34,547.25 for 39.5 hours of work to

$19,750.00, resulting in $500.00 hourly rate); Brown v. Colvin,

No. 15-cv-04823, 2018 WL 6061199, at *4 (S.D.N.Y. Nov. 20, 2018)

(reducing fees of $18,675.00 for 24.9 hours of work to $12,450.00,

resulting in $500.00 hourly rate); Arroyo v. Commissioner, No. 14-

cv-03513, 2018 WL 2088013, at *2-*3 (E.D.N.Y. May 4, 2018)

(reducing fees of $14,000.00 for 19.7 hours of work to $9,850.00,

resulting in $500.00 hourly rate). The Court notes that the

plaintiff's counsel's report of hours lists a normal rate as

between $197.72 to $205.03 per hour. Bowes Decl., Ex. B.

    Therefore, under the circumstances, the amount requested for

attorney's fees is unreasonable, because it would grant the

plaintiff's counsel an unreasonably high de facto hourly rate.

4

Instead, an hourly rate of $500.00 is an appropriate rate to compensate the plaintiff's counsel for the work performed and for the risk associated with taking the plaintiff's case with a contingent fee arrangement. Thus, the Court will award an amount of $17,600.00 in attorney's fees, pursuant to Section 406(b).

Next, the plaintiff's counsel has suggested that the Court should "offset" the $6,500 in EAJA fees already paid to date against the amount of fees awarded to the plaintiff's counsel under Section 406(b). The proposal by the plaintiff's counsel to "offset" the award to him would remove the obligation from him to refund the smaller amount to the plaintiff and is contrary to instructions from the Supreme Court and the Court of Appeals for the Second Circuit. Gisbrecht, 535 U.S. at 796; Wells, 855 F.2d at 48.  Accordingly, the plaintiff's counsel's request for a EAJA fee "offset" is denied.  Rather, the Commissioner should pay the attorney's fees of $17,600 to the plaintiff's counsel.  On receipt of that amount, the plaintiff's counsel should refund the previously paid fee of $6,500 to the plaintiff.

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the reasons explained above, the plaintiff's counsel's motion for attorney's fees is **granted in part**, for the amount of $17,600.00. Upon receipt of this sum, the plaintiff's counsel is ordered to refund the previously awarded

EAJA fees of $6,500 directly to the plaintiff. The Clerk is

directed to close Docket No. 32.

**SO ORDERED.**

**Dated:     New York, New York**
**           March 5, 2021**

                                    ___/s/ John G. Koeltl___
                                      **John G. Koeltl**
                              **United States District Judge**